MICHAEL DUNBAR, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 174, 2008
Supreme Court of Delaware.
Submitted: May 6, 2008.
Decided: May 19, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices

ORDER
RANDY J. HOLLAND, Justice
This 19th day of May 2008, it appears to the Court that:
(1) On April 3, 2008, the Court received the appellant's notice of appeal from the Superior Court's February 25, 2008 order denying his motion for postconviction relief.[1] Pursuant to Supreme Court Rule 6, a timely notice of appeal from the February 25, 2008 order should have been filed on or before March 26, 2008.
(2) On April 3, 2008, the Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing the appellant to show cause why the appeal should not be dismissed as untimely filed. The appellant filed his response to the notice to show cause on May 6, 2008. The appellant states that the Department of Correction's mail system is slow and that processing documents at the prison is difficult. The appellant provides no other explanation for why his notice of appeal was filed in an untimely manner. Pursuant to Supreme Court Rule 6(a) (iii), a notice of appeal in any proceeding for postconviction relief must be filed within 30 days after entry upon the docket of the judgment or order being appealed.
(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of the Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[5]
(4) There is nothing in the record reflecting that the appellant's failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] While the notice of appeal refers to a February 14, 2008 order, the Superior Court docket reflects that the appeal is from the Superior Court's February 25, 2008 order.
[2] Carr v. State, 554 A.2d 778, 779 (Del. 1989).
[3] Supr. Ct. R. 10(a).
[4] Carr v. State, 554 A.2d at 779.
[5] Bey v. State, 402 A.2d 362, 363 (Del. 1979).